# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Cruz Albert LaFarga et al.,<br><br>Defendants | Case No. 2:13-cr-00085-JAD-PAL<br><br>**Order Denying Motion for Severance of Counts and Defendants**<br>**[Doc. 52]** |

Before the Court is Defendant Cruz Albert LaFarga's Motion for Severance of Counts and Defendants. Doc. 52. The Court has reviewed the motion and the Government's response in opposition. Doc. 57.

## BACKGROUND

On February 27, 2013, a criminal Complaint, Doc. 1, was filed charging LaFarga with four counts of distribution of methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A), and one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). LaFarga made an initial appearance on February 27, 2013, pled not guilty, was appointed counsel, and was detained pending trial. *See* Doc. 4 (Minutes of Proceedings); Doc. 12 (Order of Detention). On March 12, 2013, a federal grand jury returned an Indictment, Doc. 15, charging LaFarga with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and five counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). LaFarga was arraigned on the indictment on March 22,

2013, and pled not guilty. *See* Doc. 21 (Minutes of Proceedings). A superseding indictment, Doc. 44, was filed on November 12, 2013, adding one count of illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). LaFarga was arraigned on the superseding indictment on November 21, 2013, and pled not guilty. *See* Doc. 48 (Minutes of Proceedings). Trial in this matter is set January 7, 2014. *See* Doc. 56 (Order Regarding Trial).

**DISCUSSION**

LaFarga seeks to sever his trial from the trial of his co-defendant. LaFarga argues that a joint trial with Caballero-Perez will unfairly prejudice him because the co-defendant made *Mirandized* statements admitting that he drove or followed LaFarga to two of the six methamphetamine-transaction locations alleged in this case but expressly denies knowledge of, or involvement in, any drug-sale activities. *See Miranda v. Arizona*, 384 U.S. 436 (1966). He contends that the government's introduction of those statements will result in a *Bruton* violation. *See Bruton v. United States*, 391 U.S. 123 (1968). He further claims that severance is required because his co-defendant's defenses are mutually exclusive and antagonistic to his own. At the very least, LaFarga argues, the superseding indictment's late-added seventh count for possession of a firearm by a deported alien must be severed because it has no connection to the other six drug crimes.

The Court finds[1] that severance of the defendants is unnecessary because proper redaction and a limiting instruction will eliminate any *Bruton* problem, and LaFarga's and Caballero-Perez's defenses are not mutually exclusive or antagonistic. Severance of the firearm count is also

---

[1] As its lead argument, the government contends that LaFarga's motion should be denied as untimely because it was filed five months after the deadline for filing pre-trial motions expired. Doc. 57 at 3. Rule 12 of the Federal Rules of Criminal Procedure vests trial courts with the authority to set deadlines to file severance motions and provides that "a party waives any [severance] defense, objection, or request not raised by the deadline the court sets." Fed. R. Crim. P. 12(c) and (e). However, it is within the trial court's discretion to grant relief from that deadline upon a showing of good cause. Fed. R. Crim. P. 12(e). LaFarga does not even mention the deadline for the motion, let alone attempt to demonstrate good cause for its timing. And although it was impossible for LaFarga to raise the severance-of-counts argument before the pretrial-motion deadline expired because count seven was just added on November 12, 2013, there is no evidence in the record from which the Court can determine whether the severance-of-defendants argument could have been raised earlier. LaFarga's failure to even note the motion deadline, let alone demonstrate good cause, is reason alone to deny this motion. However, in the interest of justice, the Court addresses the motion on its merits.

Page 2 of 11

unwarranted because LaFarga has not identified any prejudice—let alone a manifest prejudice—that he will suffer as a result of the lack of relationship between the drug charges and the firearm count. Accordingly, the Court denies the motion in its entirety on the bases set forth below.

**A.     Federal Rule of Criminal Procedure 14: Severance**

Rule 14 governs the severance of defendants and counts. *United States v Vasquez-Velasco,* 15 F.3d 833, 845 (9th Cir. 1994). Even where joinder is proper under Rule 8(a) of the Federal Rules of Criminal Procedure, the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). The court's denial of a motion to sever is reviewed for abuse of discretion. *See United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004). "The test for determining abuse of discretion in denying severance under Rule 14 is whether a joint trial would be so prejudicial that the trial judge could exercise his discretion in only one way." *United States v. Escalante,* 637 F.2d 1197, 1201 (9th Cir. 1980).

**B.     The *Bruton* Issue**

LaFarga contends that Caballero-Perez's statements risk a *Bruton* violation because they incriminate him and because he will be unable to exercise his Sixth Amendment right to cross-examine this non-testifying, co-defendant declarant who will likely exercise his Fifth Amendment right to remain silent. LaFarga acknowledges that the Supreme Court has held that a court may cure a Sixth Amendment Confrontation Clause violation if the declarant's statement is redacted and admitted with proper limiting instructions, but LaFarga argues there is no way to redact the co-defendant's statement to eliminate all references to him.

The government disagrees. It argues the defendants are properly joined because they are

involved in the same methamphetamine-distribution conspiracy.  It further denies that Caballero-Perez's statement implicates LaFarga, arguing instead that it is a self-serving exculpatory statement in which he merely admitted to (1) driving LaFarga on the date of the January 22, 2013, drug deal, and (2) following him to the February 20, 2013, location, but (3) denied any knowledge of involvement in drug trafficking activities.  The government claims that it "can easily prove beyond a reasonable doubt" that LaFarga distributed methamphetamine without Caballero-Perez's statement—using the testimony of the undercover officer and audio/video recordings of the sales as direct evidence of LaFarga's guilt.

In *Bruton v. United States*, the Supreme Court held that a defendant's Sixth Amendment right to confront and cross-examine witnesses is violated when a facially incriminating confession of a non-testifying co-defendant is introduced at a joint trial, even if the jury is instructed to consider the confession only against the co-defendant.  For a statement to violate a defendant's *Bruton* rights, it must "facially, expressly, clearly, or powerfully implicate[] the defendant." *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001).  The Supreme Court revisited the *Bruton* rule in *Richardson v. Marsh*, 481 U.S. 200, 209 (1987), and declined to extend it to "confessions incriminating by connection."  The Court clarified that "the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when . . . the confession is redacted[2] to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson*, 481 U.S. at 211.

The government contends that, in the event it decides to introduce Caballero-Perez's statement, the statement can be properly redacted to avoid a *Bruton* violation.  Defendant offers little detail as to the contents of the anticipated Caballero-Perez statements. *See* Doc. 52 at 3 (characterizing the statements only as ones "that will incriminate Mr. LaFarga") and at 4 ("Mr.

---

[2] A properly redacted confession of a co-defendant does not violate the Confrontation Clause if the confession does not refer to the Defendant. *Mason v. Yarborough*, 447 F.3d 693, 695–96 (9th Cir. 2006).  The redacted confession may not reference the co-defendant by implication, for example, by replacing a name with an obvious blank space or symbol or word such as "deleted." *Gray v. Maryland*, 523 U.S. 185, 196–97 (1998); *United States v. Parks*, 285 F.3d 1133 (9th Cir. 2002).

Caballero-Perez is alleging that he had not knowledge of Mr. LaFarga's conduct regarding the possession or distribution of methamphetamine giving rise to the Indictment."). The government offers more detail, characterizing Caballero-Perez's comments as "a self-serving exculpatory statement in which he admitted to being with La Farga on the days in question but denied any knowledge of or involvement in drug trafficking": "after being advised of his *Miranda* warnings, [Caballero-Perez] admitted to driving LaFarga on January 22, 2013; following him to Taco Bell on February 20, 2013, but denied being involved in any methamphetamine sales." Doc. 57 at 3. Based on these characterizations, it does not appear that the statements directly incriminate LaFarga so as to implicate *Bruton*. To the extent that they can be construed to implicate LaFarga, they can and shall be redacted to eliminate any reference to LaFarga's name or existence and the jury can and shall be instructed that the statement may only be considered as against Caballero-Perez. These precautions[3] will prevent a *Bruton* Confrontation Clause violation and sufficiently eliminate any prejudice that might otherwise justify severance.

**C.     Antagonistic Defenses**

LaFarga next argues that severance is required because he and his co-defendant may present antagonistic and mutually exclusive defenses. He suggests "[i]t is clear from [the] statements that [Caballero-Perez] is blaming Mr. LaFarga for the bulk of the conduct that gave rise to the allegations herein," that he "is alleging that he had no knowledge of Mr. LaFarga's conduct regarding the possession or distribution of methamphetamine," and LaFarga thus "disputes" his co-defendant's "characterization of the events giving rise to the Indictment." Doc. 52 at 4. He contends that a joint trial risks the possibility that "rather than assessing each defendant's innocence or guilt on an individual basis," the jury "might feel they must pick one or both of the defendants to convict," thus depriving LaFarga of a fair trial. *Id*.

Antagonistic defenses, "or the desire of one defendant to exculpate himself by inculpating a

---

[3] The government is cautioned that before it mentions or attempts to otherwise introduce Caballero-Perez's statements at trial, a proper redaction and limiting instruction must be submitted to and approved by the Court.

co-defendant," does not require severance. *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (citing *United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1992)). A defendant will only be entitled to severance based on mutually antagonistic defenses if "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)); *see also United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991) (mutually exclusive defenses said to exist when acquittal of one co-defendant would necessarily compel the conviction of the other); *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (to obtain severance on basis of antagonistic defenses, defendant must show that acceptance of one party's defense will preclude acquittal of the other party). The district court may also "reduce any potential confusion between the defendants by instructing the jury that is should evaluate the evidence against each defendant separately and that the verdict as to one defendant should not control the verdicts of the others." *Cruz*, 127 F.3d at 800 (citing *Zafiro v. United States*, 506 U.S. 534, 540–41 (1993)).

LaFarga has not demonstrated that Caballero-Perez's defense theory is antagonistic or mutually exclusive of his own defense. If, in fact, this co-defendant's defense is to deny any criminal wrongdoing on his own part and any knowledge of any criminal wrongdoing by LaFarga, the Court does not perceive how this defense would be inconsistent with any reasonable defense that LaFarga may offer, and LaFarga does not satisfy his burden of demonstrating that "the core" of Caballero-Perez's "defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes" his own acquittal. *Id.* at 799 (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)). Accordingly, LaFarga's motion to sever his trial from Caballero-Perez's trial is denied.

**D.    Severance of Count Seven**

LaFargo also seeks to sever the recently added count seven (charging him with being an illegal, previously-deported alien in possession of a firearm), from his remaining drug counts. The seventh count was added by superseding indictment just last month. *See* Doc. 44. The details of the

transactions and events leading to the seven counts against LaFarga in the superseding indictment are thin. *See id.* The government offers more detail in its opposition to the motion to sever, describing six drug sales transacted in vehicles and parking lots. Doc. 57 at 1–3. On the sixth transaction, the defendants were arrested, their vehicle was searched, and six pounds of methamphetamine were found inside a hidden compartment. *Id*. at 3. "Later that same day," LaFarga's home was searched pursuant to a search warrant, and "[a] .22 caliber bolt action rifle was recovered from the hall closet." *Id*. The government thus contends that the firearm offense is properly joined with the drug trafficking charges "because they are based on the same act of transaction" and guns were items identified in the search warrant as items to be seized "because they are commonly used to facilitate drug trafficking." *Id* at 6. Moreover, the government notes, "the agents who executed the search warrant are the same agents who would testify at trial regarding LaFarga's drug trafficking activity as charged in the Superseding Indictment." *Id*. at 7. The government also contends that evidence that LaFarga is an illegal alien is not so unduly prejudicial that it would compromise the Defendant's right to a fair trial. In sum, it contends that joining this charge with the drug counts is not so manifestly prejudicial that it outweighs the court's primary concern with judicial economy or will deprive LaFarga of a fair trial.

      LaFarga obtusely challenges the joinder of the drug and firearms offenses in the indictment under Rule 8. He contends that "[s]ignificant prejudice would result if these two groups of offenses are not severed" because they are "clearly dissimilar in kind and the presence of the gun was in no way related to or part of common plan involving distribution of methamphetamine." Doc. 52 at 5. Rule 8 allows separate counts to be combined in an indictment when they are 'of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme." Fed. R. Crim. Proc. 8(a). "The term 'transaction' is to be interpreted flexibly and 'may comprehend a series of related occurrences.'" *United States v. Terry*, 911 F.2d 272, 276 (1990) (quoting *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir. 1988)). "When . . . joined offenses are not connected and are not provable by the same evidence, joinder is improper." *Id.* (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978)). "The validity of the joinder is

determined solely by the allegations in the indictment." *Terry*, 911 F.2d at 276.  Because the connection between the counts must be apparent from the face of the indictment, "where the government seeks joinder of counts on the basis of 'same or similar character,' it crafts a barebones indictment at its own risk." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2006).

In *Terry*, the Ninth Circuit found that the trial court improperly allowed the joint trial of drug charges with a felon in possession of a firearm count.  Just as in the instant case, the subject gun was found—with no drug evidence—at the defendant's home during a post-arrest search pursuant to a search warrant.  *Terry*, 911 F.2d at 274.  The panel found that trying the gun charge with the drug charges was unduly prejudicial and improper under Rule 8 because the indictment failed "to allege any commonality between" the gun and drug counts.  *Id.*  "No effort [wa]s made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme."  *Id.*  "In addition, the evidence necessary to prove" the gun charge "did not overlap with the evidence required to prove the drug counts.  *Id.*  The panel also found that the defendant was "prejudiced because his association with drugs would necessarily be highly inflammatory in the minds of jurors."  *Id.*  "A juror would inevitably be more disturbed about the idea of a 'drug dealer' with a gun than a citizen who previously had committed some unknown crime.  It is highly probable that this inculpatory characterization of Terry as a drug dealer influenced the jury in determining its verdict."  *Id*.

The indictment against LaFarga similarly fails to tie the gun offense to the drug charges.  The firearm offense was added to this case eight months after the indictment and just two weeks before calendar call.  No effort was made in the superseding indictment to suggest that the firearm possession charge is of the same or similar character to the drug offenses or that it is part of a common scheme.  *See* Doc. 44.  Although the date (February 26, 2013) is the same for the final drug possession charge and the firearm possession charge, the government's opposition to the instant motion makes it clear that the drug transaction transpired at a different location (Famous Dave's restaurant) than the gun was retrieved from (LaFarga's home).  *See* Doc. 57 at 2–3.  The Ninth Circuit panel in *Terry* also rejected the argument offered by the government in response to the instant

motion that drug and gun charges are properly combined because guns "are commonly used to facilitate drug trafficking." Doc. 57 at 6-7. *Terry* continues:

> The government argues that the charges can be joined because a gun found at a residence is integrally related to drug trafficking. They cite to numerous cases none of which allowed the joinder of a drug charge with a firearm charge when the gun was not discovered at the same time and place as the drugs. All the cases cited by the government in support either involve firearms found in defendants' possession at the time of their arrests. We never have held that, as a matter of law, a gun offense always can be joined with a drug offense.

*Id.* at 276 n.2 (internal citations omitted) (collecting cases).

But improper joinder of disconnected counts alone does not compel severance. "Rule 14 permits the district court to 'order separate trials of counts' at its discretion '[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant.'" *Jawara*, 474 F.3d at 572 (citing Fed. R. Crim. P. 14(a)).  The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996); *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994).   Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be prejudicially confounded in presenting his defenses (i.e., where a defendant wishes to testify in his own defense on one count but not another); or (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987) (citing *Drew v. United States,* 331 F.2d 85, 88 (D.C. Cir. 1964).

LaFarga has failed to identify *any* prejudice that might result from the trial of the gun and drug charges together, let alone establish that a "clear, manifest, or undue prejudice of such a magnitude that, without severance, [he] will be denied a fair trial." *Johnson*, 820 F.2d at 1070. LaFarga offers only the conclusory statement that "[s]ignificant prejudice would result if these two groups of offenses are not severed because the counts are clearly dissimilar in kind and the presence of the gun was in no way related to or part of common plan involving distribution of

methamphetamine." Doc. 52 at 5. But the dissimilarity of these offenses alone is not presumptively prejudicial. *Jawara*, 474 F.3d at 579 (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)) ("We will not presume that "prejudice results whenever Rule 8's requirements have not been satisfied.'"). LaFarga does not suggest that the joint trial of these charges will result in the admission of otherwise inadmissible evidence. Nor does he suggest that the trial of all seven of these offenses risks the jury finding him guilty of the drug offenses based on an anti-illegal immigrant or gun-possession bias or may cause the jury to find him guilty of the illegal possession charge because they perceive him to be a drug dealer. Indeed, he cites no specific prejudice whatsoever to support this count-severance argument. Without this showing, LaFarga has not satisfied his burden, and severance is unwarranted.

Nevertheless, in an effort to ensure that the trial of these counts jointly does not have a "substantial and injurious" effect on the verdict, the Court will instruct the jury that it must consider each count separately. *See, e.g.*, *Jawara*, 474 F.3d at 580 (approving of district court's instruction that "[a] separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict as to one count should not control your verdict on any other count."); *see also Zafiro*, 506 U.S. at 540 (cautionary jury instructions on the admissibility of evidence, and requirement to compartmentalize the evidence can minimize the risk of prejudice to a defendant, and, "juries are presumed to follow their instructions."); *United States v. Nguyen*, 88 F.3d 812, 817 (9th Cir. 1996) (upholding district court's denial of motion to sever gun and drug counts with limiting instructions given at introduction of prior felony evidence, after closing arguments, and in jury booklet given to the jurors). The government is instructed to provide the Court with proper jury instructions prior to the admission of evidence in support of count seven, and the motion to sever this count from the other six is denied.

. . .

. . .

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Defendant LaFarga's Motion for Severance of Counts and Defendants **[Doc. 52] is DENIED**;

The government shall submit proper limiting instructions consistent with this opinion.

DATED December 30, 2013.

Jennifer A. Dorsey
United States District Court Judge